UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                      CRIMINAL ACTION

V.                                            NO. 06-296

GARY WOODS                                    SECTION "F"

ORDER AND REASONS

Before the Court is Gary Woods' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, the motion is DENIED.

**Background**

Gary Woods, a federal prisoner, asks this Court to vacate his conviction and sentence for brandishing a gun in furtherance of a crime of violence -- a charge to which he entered a plea of guilty -- based on an allegedly defective indictment.

On May 23, 2007, Gary Woods was charged in a second superseding bill of information with: (1) unlawfully conspiring to obstruct, delay, and affect interstate commerce and the movement of an article and commodity in commerce by robbery, in violation of 18 U.S.C. § 1951(a); (2) in furtherance of a crime of violence as alleged in Count 1, knowingly brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1) and

1

924(a)(2). The next day, Woods entered a plea of guilty to all three counts; in exchange, the government agreed to dismiss Counts 1 through 4 of the superseding indictment, which preceded the second superseding bill.

The facts underlying the charges to which Woods pleaded guilty were presented by the government in a Factual Basis, which was explained to and signed by Woods. He was represented by counsel. The Factual Basis states, in part:

> From on or about July 22, 2006, through on or about October 2006, at various locations throughout the Eastern District of Louisiana, including Slidell, Jefferson Parish, and Orleans Parish, defendant WOODS and others known to the United States Attorney ("Known Persons"), conspired to commit numerous armed robberies at an array of businesses through the greater New Orleans Metropolitan area [including armed robberies at Advance Auto on July 22, 2006; Melvin's Bar on July 24, 2006; Marlene's Bar on August 10, 2006; Auto Zone on August 11, 2006; Lucky Coin Van on August 15, 2006; Quality Used Cars on August 16, 2006; Mimi's Bar on August 19, 2006; Sugar Park Tavern on September 3, 2006; and Hobnobbers on September 10, 2006]. WOODS and his co-conspirators enriched themselves by physically assaulting and threatening to physically assault other people and by forcibly taking money from other people and additional items of value....
> At numerous locations, WOODS and Known Persons entered the local business during working hours, brandished firearms, along with knives and screwdrivers, threatened physical violence against employees and customers, and then robbed the businesses and the individuals within them.
> On August 11, 2006 at approximately 8:35 P.M., WOODS and Known Persons drove to the AutoZone store located on 8200 Earhart Blvd. in New Orleans, Louisiana, for the sole purpose of committing an armed robbery. When the three arrived at the store, they parked on a side street to the rear of the store, and approached the business on foot. The three entered the store and briefly mulled around as normal customers. Shortly after entering the

store, however, WOODS and Known Persons brandished weapons, including a gun and a knife, and approached employees in the store. WOODS and Known Persons threatened physical violence against those who did not comply with their demands.

WOODS approached the manager with a brandished handgun and demanded the money out of the safe. Known Person #1 had an employee lock the store door, and Known Person #2 went to the back of the business to secure any other employees in the store. Known Person #2 knocked on the women's bathroom door and when the employee exited, he held a knife to the woman's throat. He forced her to her knees and demanded her cell phone. After WOODS retrieved the money from the safe, the three coconspirators fled the business by foot and then left the area in their vehicle. WOODS and Known Persons escaped with more than $1000 in United States currency....

Following his guilty plea, on February 14, 2008, this Court sentenced Woods to a term of 134 months on Count 1 and 120 months on Count 3, to be served concurrently. This Court also sentenced Woods to a term of 84 months on Count 2, to be served consecutively to the sentences in Counts 1 and 3. In total, Woods was sentenced to 218 months. More than four years later, Woods now requests that the Court vacate his sentence, only as to Count 2, on the basis that this Court lacked subject matter jurisdiction to convict him of that crime.[1]

---

[1]Woods filed a "Jurisdictional Question," which this Court considers as a habeas petition after allowing Woods an opportunity to either withdraw or amend his "Jurisdictional Question" in accordance with Castro v. United States, 540 U.S. 375, 380-81 (2003)(holding that "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion...the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will

I.
*A.*

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence." 28 U.S.C. § 2255(a). The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id. at § 2255(c). The Court finds that the record is adequate to address the petitioner's claim and to dispose of it as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary....").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations and internal quotation marks omitted). A claim that an indictment or

---

be subject to the restrictions on 'second or successive' motions, and provide the litigant the opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has...."). He has done neither.

information is so deficient as to deprive the convicting court of jurisdiction is an issue that is cognizable under § 2255. See United States v. Prince, 868 F.2d 1379, 1383 (5th Cir.), cert. denied, 493 U.S. 932 (1989); Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969)("[W]hether an offense is sufficiently alleged in an indictment is not a proper subject for inquiry on habeas corpus, unless the indictment is so fatally defective as to deprive the convicting court of jurisdiction.").

*B.*

The Sixth Amendment of the U.S. Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. This guarantee is implemented by Rule 7 of the Federal Rules of Criminal Procedure[2] and by case literature. The U.S. Court of Appeals for the Fifth Circuit instructs that:

> The sufficiency of an indictment is measured by whether (1) each count contains all essential elements of the offense charged, (2) the elements are charged with particularity, and (3) the charge is specific enough to preclude a subsequent prosecution on the same offense.

United States v. McGilberry, 480 F.3d 326, 329 (5th Cir.

---

[2]Rule 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government...."

5

2007)(citation omitted).[3]

## II.

Woods asserts that Count 2 of the second superseding bill of information, which charged him with knowingly *brandishing* a firearm "in furtherance of" a robbery, erroneously combined the elements of section 924(c)(1)(A), and therefore failed to charge him with any federal crime. As a result, he asserts that this Court had no jurisdiction to convict him of Count 2. The government counters that the second superseding bill of information sufficiently charged Woods with a federal crime under 18 U.S.C. §

---

[3] Notably, the Fifth Circuit has observed how difficult it is to advance a challenge to the sufficiency of an indictment under the circumstances presented here, where the challenge is first asserted in a § 2255 motion:

> Generally [when an indictment is challenged for the first time on appeal], appellate courts review the indictment liberally in favor of the government, and it will be held sufficient if "by any reasonable construction" it can be said to charge an offense.... As stated in United States v. Richardson, 687 F.2d 952, 962 (7th Cir. 1982), "[t]he tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them".... [W]hen the attack on an indictment is collateral as well as new, as when first raised in a section 2255 habeas petition, the appellate court can consider the challenge only in exceptional circumstances.

Prince, 868 F.2d at 1384 (internal citations omitted) ("[w]e also observe that the charging instrument against [the defendant] is an information rather than an indictment; therefore, the prosecution could have easily amended it without sending it back to the grand jury had the [defendant] pointed out any objections at the time"). Here, Woods challenges the sufficiency of a bill of information, rather than an indictment, for the first time in a habeas petition. These circumstances inform the Court's analysis of the sufficiency of the information.

6

924(c)(1)(A)(ii).

### A.

18 U.S.C. § 924(c)(1)(A) states:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).[4]  Two types of conduct are targeted by

---

[4]The Fifth Circuit has explained:

An earlier version of § 924 criminalized only "us[ing] or carry[ing] a firearm during and in relation to" drug trafficking, without any reference to simple possession.  The Supreme Court grappled with the meaning of this provision as it pertained to two defendants, one who had a firearm in the trunk of a car while drugs were in the passenger compartment, and another who kept a gun locked away in his closet near some illegal drugs.  Bailey v. United States, 516 U.S. 137 (1995).  The [Supreme] Court found the evidence insufficient to convict either defendant under the "uses or carries" provision because the firearms were not "actively employed." Id. at 150-51.
     The [Supreme] Court held that use of a firearm requires more than mere possession of an accessible firearm.  Id. at 141, 143-44....  After the Supreme Court's opinion in Bailey, Congress broadened § 924 and added the "possession in furtherance of" language.  In interpreting this new language, this circuit has held that mere possession is only criminalized where it "furthers, advances, or helps forward a drug trafficking offense."  The result is that the use or carrying of a firearm is illegal when it is "actively

7

this statute: the use or carrying of a firearm "during and in relation to any crime of violence..." and the possession of a firearm "in furtherance of any such crime." United States v. Cooper, 714 F.3d 873, 877 (5th Cir. 2013), cert. denied, 134 S.Ct. 313 (2013); McGilberry, 480 F.3d at 239 (declining to address whether § 924(c)(1)(A) contains two distinct offenses, or two methods to commit the same offense). "When the conduct charged is *possession* of a firearm, the appropriate standard of participation is 'in furtherance of' a crime.  However, if the defendant *uses or carries* a firearm, the participation standard is 'during and in relation to' a crime." McGilberry, 480 F.3d at 329 (emphasis in original). Quite clearly if an indictment combines the "possession" prong with the "during and in relation to" prong, it is defective because it fails to list the essential elements of any criminal conduct.  Id. (citing United States v. Ceballos-Torres, 218 F.3d 409, 412-15 (5th Cir. 2000), cert. denied, 531 U.S. 1102 (2001)). Indeed, "[t]here are situations where a possession would be 'during and in relation to' drug trafficking [or a crime of violence] without 'furthering or advancing' that activity." Id. at 329 (citation omitted).  Thus, an indictment is defective when it "combines the lower conduct standard [possession] with the lower

---

employed" during a drug crime, and mere possession is criminal only when it furthers or advances the drug trafficking offense.

McGilberry, 480 F.3d at 329-30 (some internal citations omitted).

8

standard of participation [during and in relation to]": such a charge "would allow for a conviction where the firearm is not actively employed and does not advance or further the drug crime [or crime of violence]." Id. at 330 (finding that an indictment that mistakenly charged the defendant with possessing a firearm during a drug trafficking crime was plainly erroneous, but reversal was not required because the evidence that the defendant had used the firearm was "essentially uncontroverted" and the jury was properly instructed that the defendant had used or carried the firearm). But the bill of information charging Woods did not impermissibly combine the lower conduct standard with the lower participation standard. Was he charged with conduct criminalized by § 924(c)(1)(A)?

*B.*

Count 2 of the second superseding bill of information charges that Woods:

> *In furtherance* of a crime of violence as alleged in count 1...did knowingly *brandish* a firearm in violation of section 924(c)(1)(A)(ii).

(emphasis added). Woods suggests that "brandishing" a firearm exclusively falls under the conduct standard of "using or carrying" a firearm. As a result, he insists, the only sufficient charge would be that he brandished a firearm "during and in relation to" the crime of violence. He says that because he was charged with brandishing a firearm "in furtherance of", rather than "during or

9

in relation to" a crime, this Court had no jurisdiction to convict him because the government erroneously combined the elements of the two distinct crimes, thereby failing to charge him of any crime at all. The Court disagrees.

Mindful that the Fifth Circuit has thus far declined to address whether the statute criminalizes two distinct crimes, or two means to commit the same offense, McGilberry, 480 F.3d at 239,[5] resolving the simpler dispute here -- regarding whether Woods was sufficiently charged with a federal crime -- is informed by examining the statutory text.

As defined by the statute, "brandishing" a firearm means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). For a person to "display" or to "make the presence of the firearm known," one must be using or carrying the firearm; thus, brandishing a firearm, which calls for an enhanced minimum sentence, is necessarily included in the uses-or-carries standard. See Bailey v. United States, 516 U.S. 137, 148 (1995)(noting that "use", which connotes more than mere

---

[5]Compare United States v. Arreola, 467 F.3d 1153, 1161 (9th Cir. 2006)(concluding that § 924(c) does not list two separate offenses, but two ways to commit the same offense) with United States v. Combs, 369 F.3d 925, 930-33 (6th Cir. 2004)(concluding that § 924(c) lists two separate offenses) and United States v. Gamboa, 439 F.3d 796, 810 (8th Cir. 2006)(concluding that § 924(c) lists two separate offenses).

possession, includes brandishing), *superseded by statute on other grounds*, as explained in United States v. O'Brien, 560 U.S. 218, 130 S.Ct. 2169, 2179 (2010)). And, because "carrying must fall within the definition of possess",[6] it follows that any person who brandishes a gun, as Woods was charged, must be in possession of it. Woods concedes as much; he directs his challenge to the charged participation standard.

As for the participation standard, at most, the charged participation here (in furtherance of) is a higher, more demanding standard than what Woods insists should have been charged (during and in relation to).[7] Common sense dictates that when the conduct

---

[6]United States v. Ceballos-Torres, 218 F.3d 409, 413-415 (5th Cir. 2000). In analyzing the history of § 924, the Fifth Circuit again observed that the using or carrying standard is a more demanding conduct standard than mere possession. See McGilberry, 480 F.3d 326 at 329-330.

[7]See McGilberry, 480 F.3d at 330 n.2, in which the Fifth Circuit noted, realistically, that "[t]he distinction is admittedly vague. It appears that the 'possession in furtherance of' language completely swallows the 'uses or carries during and in relation to' language" and, driving the point home, "[i]t is difficult and maybe impossible to concoct a situation where a firearm is actively employed during a drug crime but not possessed in furtherance of that crime." Id. at 330 n.2. Similarly, other circuits seem to have struggled to articulate a meaningful distinction between the two participation standards. See, e.g., United States v. Harvey, 484 F.3d 453, 457 (7th Cir. 2007)("the [participation standard] phrases are close enough in meaning that [the defendant] knew the essence of the charges he was facing"); United States v. Arreola, 446 F.3d 926, 933 (9th Cir. 2006)("[t]he two types of conduct that § 924(c) proscribes are difficult to distinguish conceptually"); United States v. Avery, 295 F.3d 1158 (10th Cir. 2002)("the difference between the 'in furtherance of' language and the 'during and in relation to' language is only slight."); United States v. Mackey, 265 F.3d

11

charged is brandishing a firearm, either participation standard may be appropriately charged because the lesser is, conceptually and as a practical matter, included in the higher. This means that brandishing a firearm "in furtherance of" a crime of violence is also "during and in relation to" a crime of violence such that both participation standards, when coupled with use-or-carry conduct, trigger § 924. Woods' hyper-technical challenge to the charging bill, in which he elevates form over substance, must fail. "'The validity of an indictment is governed by practical, not technical considerations, and '[t]he basic purpose behind an indictment is to inform a defendant of the charge against him." Cooper, 714 F.3d at 877 (citations omitted).

Because *during and in relation to* is necessarily included in *in furtherance of*, Woods has identified no error that would deprive the Court of subject matter jurisdiction. Simply put, Woods' charging bill does not impermissibly combine the lower conduct standard with the lower participation standard; rather, it combines the higher conduct standard with the higher nexus of participation. In so doing, it cannot be said that the charging bill failed to contain all essential elements of the charged offense. To the contrary, the second superseding bill, viewed practically, as it must be, charged the most that can be proved under the statute:

---

457, 461 (6th Cir. 2001)(the distinction between the two standards is "somewhat elusive").

that Woods brandished (not merely possessed) a firearm in furtherance of (not merely during and in relation to) the armed robbery conspiracy.

Moreover, the stipulated facts, which Woods confirmed under oath were true and accurate at his rearraignment, expose the fallacy of his argument. Woods approached the AutoZone manager with a brandished handgun and demanded money from the safe. In other words, the government charged, and Woods admitted, that he used a gun to further, advance, or help forward -- indeed, to facilitate and accomplish -- the robbery; or, more simply put, and satisfying the lesser participation standard, he used the gun during the robbery. Conduct that violates all prongs of 18 U.S.C. § 924.

In conclusion, brandishing a firearm in furtherance of a crime of violence constitutes a violation of 18 U.S.C. § 924. Having examined Count 2 of the second superseding bill of information, the Court finds that it contained the essential elements of 18 U.S.C. § 924(c)(1)(A) and, thus, sufficiently charged Woods with a crime over which this Court has jurisdiction. Woods' motion is DENIED, and his habeas petition is dismissed with prejudice.

New Orleans, Louisiana, May 28, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

13