UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 06-296 |
| GARY WOODS | SECTION F |

ORDER AND REASONS

Before the Court is Gary Woods's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). For the reasons that follow, the motion is GRANTED.

**Background**

On May 24, 2007, Gary Woods pled guilty to three counts of a superseding bill of information charging: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)(Count 1), brandishing a firearm in furtherance of a "crime of violence," namely, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)(Count 2), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(Count 3). At that time, "crime of violence" was defined as an offense that is a felony and either "(A) has as an

1

element the use, attempted use, or threatened use of physical force against the person or property of another [known as the 'force clause'],'' or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [known as the 'residual clause']." 18 U.S.C. § 924(c)(3). Additionally, at the time of conviction, conspiracy to commit Hobbs Act robbery qualified as a "crime of violence" under the residual clause, making it a valid predicate for a § 924(c) offense.

On February 14, 2008, Mr. Woods was sentenced to serve an imprisonment term of 218 months, which consisted of a 134-month sentence for the conspiracy conviction, along with a concurrent 120-month sentence for the Count 3 felon-in-possession of a firearm conviction, plus a <u>consecutive</u> 84-month sentence for the 924(c) conviction.[1]  Mr. Woods did not directly appeal his conviction or sentence.

Mr. Woods filed a prior § 2255 habeas petition, which was denied on the merits on May 28, 2014. Mr. Woods appealed, but

---

[1] The Judgment and Commitment Order correctly provides February 14, 2008 as the date Woods appeared for sentencing. However, the Judgment and Commitment Order was not entered into the record until February 19, 2008 and it appears there is a clerical error on page 2 of the J&C underneath the signature insofar as the date referenced is February 14 of the year "2007".

then withdrew his appeal. Mr. Woods later filed three motions seeking authorization from the Fifth Circuit to file a successive § 2255 motion to challenge the constitutionality of his § 924(c) conviction. In the first two requests, Woods invoked United States v. Johnson, 135 S. Ct. 2551 (2015). In his third request, he invoked Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Because the Supreme Court had not yet made Johnson retroactive to cases on collateral review, the Fifth Circuit denied Woods's first request. The Fifth Circuit denied his second and third requests for authorization based on its determination that § 924(c)(3)(B) was not invalidated by the Supreme Court's decisions in Johnson or Dimaya and, therefore, Woods failed to make the requisite showing under 28 U.S.C. § 2255(h)(2).

On June 24, 2019, reviewing a case appealed from the Fifth Circuit, the Supreme Court held that the residual clause in § 924(c)'s "crime of violence" definition (§ 924(c)(3)(B)), is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). The Fifth Circuit decision underlying Davis additionally held that, in light of the invalidation of the residual clause, conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c). See United States v. Davis, 903 F.3d 483, 485 (5th Cir. 2018); see also United States v. Lewis, 907 F.3d 891, 894-95 (5th Cir. 2018). Invoking Davis,

Woods requested appointment of counsel. The Court granted the request and counsel was appointed. In October 2019, the Fifth Circuit authorized Woods to file a successive habeas petition. Woods now moves to vacate his § 924(c) conviction; he submits that his § 924(c) conviction based on the now-unconstitutional residual clause is no longer valid and his 84-month sentence is unconstitutional because the predicate offense of "conspiracy to commit Hobbs Act robbery" does not qualify as a "crime of violence" under the remaining portion of the definition, § 924(c)(3)(A), the "force clause."

I.

*A.*

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming that his conspiracy-predicated § 924(c) conviction and resulting 84-month sentence "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[2] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[2] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.

would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to resolve them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary....").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate

5

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

*B.*

Successive habeas petitions, like this one, must meet certain procedural requirements before the Court may reach the merits of the claim. Mr. Woods must show "that the relief he seeks relies... on a new, retroactive rule of constitutional law[.]" United States v. Wiese, 896 F.3d 720, 723 (5th Cir. 2018). There is no dispute that he has satisfied this prerequisite.

Davis applies retroactively to cases on collateral review. As the Fifth Circuit has recognized, "Davis announced a new, retroactively applicable rule of constitutional law[.]" United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019).[3] Finally, Mr.

---

[3] To be sure, the Supreme Court rulings in Davis along with Welch v. United States, 136 S. Ct. 1257 (2016) "necessarily dictate retroactivity" of Davis. See Tyler v. Cain, 533 U.S. 656, 666 (2001); see also In re Hammoud, 931 F.3d 1032, 1037-38 (11th Cir. 2019)("Davis announced a new substantive rule, and Welch tells us that a new rule such as the one announced in Davis applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2),...taken together, the Supreme Court's holdings in Davis and Welch 'necessarily dictate' that Davis has been 'made' retroactively applicable to criminal cases that became final before Davis was announced."). Thus, Davis was "made" retroactive by the Supreme Court "as a matter of logical necessity." See In re Sparks, 657 F.3d 258, 262 (5th Cir. 2011).

Woods's claim relies on the new rule of Davis because his conviction was adjudicated and his sentence was imposed based solely on the now-invalid residual clause. See § 2244(b)(2)(A); (b)(4).

Additionally, there is no dispute that Mr. Woods's § 2255 claim is timely. He filed his petition within one year of Davis, rendered on June 24, 2019, the "date on which the right asserted was initially recognized by the Supreme Court." See 28 U.S.C. § 2255(f)(3).

Accordingly, the Court reaches the merits of Mr. Woods's habeas claim.

## II.

Having satisfied the prerequisites to pursue a successive habeas petition, there is no dispute that Woods is entitled to relief on the merits. Section 924(c) criminalizes the possession of a firearm in furtherance of a "crime of violence" or "drug trafficking crime." Woods was convicted of brandishing a firearm in furtherance of a conspiracy to commit Hobbs Act robbery, which only qualified as a "crime of violence" under the residual clause. As a result, he was sentenced to serve a seven-year prison term to run consecutive to his concurrent sentences for the conspiracy and felon in possession of a firearm offenses, as required by §

924(c)(1)(A)(ii). In Davis, the Supreme Court held that the residual clause in § 924(c)'s crime of violence definition is unconstitutionally vague. Davis, 139 S. Ct. at 2336. Accordingly, an offense only qualifies as a "crime of violence" under § 924(c)(3) if it satisfies the force clause. It is now settled that conspiracy to commit Hobbs Act robbery may not serve as a crime of violence predicate for a § 924(c) conviction because conspiracy "is merely an agreement to commit an offense"; it therefore cannot satisfy the force clause. See United States v. Davis, 903 F.3d 483, 485 (5th Cir. 2018); see also United States v. Lewis, 907 F.3d 891, 894-95 (5th Cir. 2018).

Given that conspiracy to commit Hobbs Act robbery was the crime of violence predicate for Woods's § 924(c) conviction under Count 2, Mr. Woods invokes Davis to challenge his conviction and sentence rendered on Count 2. The government agrees that Woods's § 2255 motion should be granted and that his conviction and sentence under Count 2 should be vacated. The only dispute is whether the Court should issue an amended judgment or whether, as the government requests, the Court should conduct a resentencing hearing on the remaining counts of conviction, Counts 1 and 3.[4]

---

[4] Although the government requests a resentencing hearing in its response papers, it does not suggest why a resentencing hearing is necessary. The Court invited the government to submit a

Mr. Woods submits that he has completed his 134-month sentence imposed for his conviction on Count 1 (as well as the concurrent statutory maximum 120-month sentence on Count 3). Thus, Woods submits, his current incarceration is due solely to the mandatory, consecutive 84-month sentence that he received for his now indisputably invalid conviction on Count 2. Accordingly, Woods urges the Court to simply amend the judgment to remove the conviction and sentence for Count 2 to facilitate Woods's prompt release from prison. Without more, under the circumstances, the Court declines to conduct a resentencing hearing on Counts 1 and 3. Correcting (here, vacating) the sentence as to Count 2 is the appropriate remedy.

Accordingly, IT IS ORDERED: that Woods's successive motion to vacate and correct sentence under 28 U.S.C. § 2255 pursuant to <u>United States v. Davis</u> is hereby GRANTED.[5] Woods's conviction and sentence under Count 2 are hereby vacated. Woods's judgment and commitment order signed on February 14, 2008 and entered on February 19, 2008 is hereby amended to reflect that the conviction

---

supplemental paper addressing why a resentencing hearing is warranted, but the government did not file any additional papers by the December 26, 2019 deadline.

[5] Rule 11(a) of the Rules Governing Section 2255 Proceedings obliges the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Here, the Court grants Woods's motion and therefore need not address his entitlement to a certificate of appealability.

and sentence (and accompanying five-year supervised release term) for Count 2 only are hereby vacated. The convictions and sentences (including the three-year terms of supervised release) as to Counts 1 and 3 remain in effect. All other terms and conditions of Woods's judgment and commitment order shall remain in effect.

New Orleans, Louisiana, December 27, 2019

_____
MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE